UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAROLD GENE LUCAS,

            Petitioner,

vs.                                 Case No. 2:04-cv-222-FtM-29DNF

JAMES V. CROSBY, JR.,

            Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Application for Certificate of Appealability (Doc. #35) filed on October 3, 2008. No response has been filed and the time to respond has expired.

On September 5, 2008, the undersigned entered an Opinion and Order (Doc. #33) denying petitioner's motion under 28 U.S.C. § 2254. Petitioner raised twenty grounds in the § 2254 motion, not counting sub-parts. The Court rejected Grounds I, II, VI (some sub-issues), VII, VIII (most sub issues), IX[1], and X for procedural reasons. The other grounds (as well as Ground I in the alternative) were denied on the merits. Petitioner now seeks a certificate of appealability as to all twenty grounds.

---

[1] The Application fails to address Ground IX specifically (Doc. #35, p. 10), but the Court assumes this is simply an oversight.

The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a substantial showing, petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)(citation omitted). Petitioner must prove something more than the absence of frivolity or the existence of mere good faith, but petitioner is not required to prove that some jurists would grant the petition for habeas corpus. <u>Miller-El</u>, 537 U.S. at 338.

The Court finds that petitioner has satisfied his burden only as to the issues set for below, for which the Court does grant a certificate of appealability. The Application is otherwise denied.

Accordingly, it is now

**ORDERED**:

Petitioner's Application for Certificate of Appealability (Doc. #35) is **GRANTED** in part and **DENIED** in part. The Court grants a certificate of appealability as to the following issues only:

(1)  Ground 1:

> A.  Whether petitioner was denied his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution when the state trial court admitted the testimony of rebuttal witnesses whose names had not been furnished to defense counsel by the prosecutor pursuant to the applicable Florida rule of criminal procedure without first conducting a inquiry into all the surrounding circumstances for the non-compliance with the Florida rule.
>
> B.  Whether petitioner properly exhausted this issue by fairly presenting it to the Florida Supreme Court.

(2) Ground 2:

> A.  Whether petitioner was denied his rights under the Sixth, Eighth, and Fourteenth Amendment to the United States Constitution when his trial counsel failed to point out controlling case authority to the trial judge which mandated an inquiry as to circumstances surrounding the State's non-compliance with the Florida rule concerning rebuttal witnesses.
>
> B.  Whether petitioner properly exhausted this issue by fairly presenting it to the Florida Supreme Court.

(3) Ground 5:

Whether petitioner was denied his right to the effective assistance of counsel under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution in the 1987 penalty phase based upon counsel's failure to investigate the specific drug petitioner ingested prior to the murder and to present expert testimony concerning the drug's effect on petitioner's ability to form the requisite intent and premeditation to sustain a conviction of First De

(4) Ground 6, sub-issue 2:

Whether petitioner was denied his right to effective assistance of counsel under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution at the 1987 re-sentencing because counsel failed to

negate the aggravating factor of Heinous, Atrocious and Cruel (HAC) by showing that there could not have been a beating inside the house.

(5) Ground 17:

Whether the prosecutor's use of peremptory challenges to exclude all potential jurors who expressed reservations about the death penalty violated petitioner's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2008.

_____
JOHN E. STEELE
United States District Judge


Copies:
USCA
Counsel of record